UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELVIN FRAZIER,

    Plaintiff,

v.    Case No. 3:20-cv-227-J-34PDB

J. MCCLELLAN, et al.,

    Defendants.

_____

## ORDER

Plaintiff Kelvin Frazier, an inmate of the Florida Department of Corrections, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1), accompanied with a motion to proceed in forma pauperis. On March 13, 2020, the Court dismissed this action without prejudice because Frazier had "three-strikes" pursuant to 28 U.S.C. § 1915(g). See Order of Dismissal Without Prejudice (Order; Doc. 4). Before the Court is Frazier's pro se "Motion for Reconsideration on the Filing Bar to U.S. District Judge to Withdraw His Order of Dismissal Without Prejudice" (Motion; Doc. 7) and "Objection to Judge Order of Dismissal Without Prejudice" (Objection; Doc. 8), both of which were filed by mailbox rule on March 24, 2020. The Court will construe the Motion and Objection as if filed pursuant to Federal Rule of Civil Procedure 59(e).[1]

---

[1] Frazier does not cite to the Federal Rules of Civil Procedure in his Motion and Frazier uses language that could be construed as invoking either Federal Rule of Civil Procedure 59(e) or 60(b). However, "[a] 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Frazier is not entitled to relief under Rule 59(e), he is also not entitled to relief under Rule 60(b), and the Court need not address his arguments under Rule 60(b) separately.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e). Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

In both the Motion and Objection, Frazier argues that the Order is overly broad because it prevents him from making any and all filings and denies him access to the court. Motion at 4; Objection at 2-3. In support, Frazier relies on an Eleventh Circuit decision, Miller v. Donald, 541 F.3d 1091 (11th Cir. 2008). Id. Frazier's reliance on Miller is misplaced. In Miller, and unlike in this case, the district court not only dismissed the plaintiff's complaint without prejudice, but also enjoined the plaintiff "from submitting further filings with the court, except in limited circumstances, without paying the unpaid filing fees he has accrued." Id. at 1094. The Eleventh Circuit determined this additional

injunction was overbroad. Id. at 1098. Here, however, the Court did not impose any additional injunction beyond what the statute permits. Instead, the Court merely dismissed Frazier's Complaint without prejudice pursuant to § 1915(g), which is not overbroad or unconstitutional. See Smith v. Fla. Dep't of Corr., 369 F. App'x 36, 40 (11th Cir. 2010) ("Unlike Miller, 541 F.3d at 1099, where we held that a particular '§ 1915(g)-plus' injunction was an abuse of discretion, the scope of the injunction in this case matches the scope of the PLRA."); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir.1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007) (holding that § 1915(g) does not violate a prisoner's right to access the courts, separation of powers, due process, or equal protection). Accordingly, Frazier has failed to show an entitlement to relief. As such, Frazier's Motion is due to be denied and Objection overruled.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1.  Frazier's Motion (Doc. 7) is **DENIED.**

2.  Frazier's Objection (Doc. 8) is **OVERRULED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of March, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:   Kelvin Frazier #099699

3